UNITED STATES DISTRICT COURT )
) ss
SOUTHERN DISTRICT OF OHIO )

# AFFIDAVIT

I, Chadwick Van Sickle, being duly sworn, state as follows:

## Background of Affiant

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so assigned since May of 2007. As part of my duties as a Special Agent with HSI, I investigate criminal violations relating to money laundering and narcotics trafficking offenses, including criminal violations of Title 18, United States Code, Sections 1956 and 1957, and Title 21, United States Code, Sections 841, 843, 846, 952 and 963.

## Basis and Purpose of Affidavit

2. The information in this Affidavit is based on interviews of witnesses, my own observations and actions, information received from other law enforcement agents, my experience and training, and the experience of other agents.

3. This affidavit is being submitted for the limited purposes of: (i) requesting authorization for an additional search warrant involving this investigation, seeking an order permitting the installation and monitoring of a tracking device (the "Subject Tracking Device") on a silver 2016 Kia Sorento bearing Ohio Temporary registration B804773 and has an assigned permanent registration of GQN1476 and with VIN 5XYPG4A35GG044347 (the "Subject Vehicle"); (ii) demonstrating good cause for activation and maintenance of the tracking device at

any time of day or night; and (iii) demonstrating good cause for delaying notice of the use of the tracking device beyond the 10 day period provided for in Rule 41 to December 30, 2015. As discussed below, there is probable cause to believe that location information obtained from the Subject Tracking Device will lead to relevant and material information concerning individuals named Jose Guillermo Perez Pedraza ("PEREZ"), Jose Santos Duran Cel ("DURAN"), Juan Roberto Garcia Vega ("GARCIA"), and Arturo Gonzalez Villasenor ("GONZALEZ"), who are engaged in unlawful money laundering of the proceeds of narcotics distribution, in violation of Title 18, United States Code, Sections 1956 and 1957 (the "Subject Offenses").

Background of the Investigation

4.      Since in or around April 2015, HSI agents in Chicago have been investigating the laundering and movement of narcotics proceeds from the United States to Mexico by members of a drug cartel, including PEREZ. In or around May 2015, PEREZ had multiple telephonic and text message conversations directly with an undercover officer ("UC1") about UC1 assisting PEREZ and his organization with depositing into bank accounts large quantities of cash located in various places.

5.      On or about September 30, 2015, at approximately 10:38 p.m., UC1 received a telephone call from PEREZ. According to a non-verbatim summary of this conversation, during the conversation, PEREZ informed UC1 that PEREZ had two loads of cash in the United States, one of approximately $170,000 and the other of approximately $400,000, that PEREZ wanted UC1 to deposit into accounts located

in Mexico. Also during the conversation, PEREZ explained that either SANTOS or "Arturo" (believed to be GONZALEZ) would deliver the cash to UC1 in the Chicago area. Additionally, PEREZ told UC1 that the $170,000 would arrive in the Chicago area on or about October 1, 2015, and that the $400,000 would arrive during the following week.

6. On October 1, 2015, UC1 met with DURAN and Danielle Duran ("DANIELLE") at 13337 Main Street in Lemont, Illinois. DURAN drove a 2013 White Lincoln MKS with Ohio registration GBF9457 to the meet location. During that meeting UC1 received $180,000 in cash from DURAN.

7. On October 7, 2015, DURAN's vehicle was located at 1532 LaCosta Drive, Marysville, Ohio. Your Affiant obtained a federal search warrant under case 2:15mj626 for the 2013 White Lincoln MKS with Ohio registration GBF9457. After deploying the GPS on the vehicle, it remained parked curb side across from that address and was later moved into the driveway of that residence. As of October 16, 2015, The white Lincoln described above has not moved. All details from the previous search warrant is herein incorporated. (See Attached)

8. On October 14, 2015 a silver 2016 Kia Sorento bearing Ohio Temporary registration B804773 and has an assigned permanent registration of GQN1476 and with VIN 5XYPG4A35GG044347 was observed through surveillance arriving at 8:39 P.M. at 1532 LaCosta Drive, Marysville, Ohio. A male and a female exited the vehicle and entered the front door of this address.

9. On the morning of October 15, 2015, your affiant observed what appeared to be the same male and female exit 1532 LaCosta Drive, Marysville, Ohio and enter the silver 2016 Kia Sorento bearing Ohio Temporary registration B804773 and has an assigned permanent registration of GQN1476 and with VIN 5XYPG4A35GG044347. This vehicle was observed through surveillance to be parked in the same location at 1532 LaCosta Drive, Marysville, Ohio as it was the evening of October 14, 2015.

10. On October 15, 2015, your affiant conducted a registration query through the Ohio Bureau of Motor Vehicles for Ohio Temporary registration B804773 discovered it is registered to Jose S. DURAN with an address of 9339 Jacob White Road, Johnstown, Ohio. It should be noted the white 2013 White Lincoln MKS with Ohio registration GBF9457 has the same registered owner and address as listed above. Your affiant observed the silver 2016 Kia Sorento bearing Ohio Temporary registration B804773 at 1532 LaCosta Drive, Marysville, Ohio parked along the curb of that address. The following morning of October 16, 2015, your affiant once again observed the 2016 Kia Sorento bearing Ohio Temporary registration B804773 parked in the same place in front of the 1532 LaCosta Drive address and did not appeared to stay the entire night.

11. On October 16, 2015, your affiant learned the silver 2016 Kia Sorento bearing Ohio Temporary registration B804773 also has an assigned permanent registration of GQN1476 and with VIN 5XYPG4A35GG044347, which was issued on October 13, 2015, but are currently not displayed on the vehicle. The vehicle was

leased on September 29, 2015 by Jose S. DURAN with an address listed on the certificate of registration of 9339 Jacob White Road, Johnstown, Ohio 43031.

12. On October 16, 2015 at approximately 10:31 A.M. your affiant and UC1 recognized a male hispanic, believed to be DURAN along with a female believed to be DANIELLE get into the silver 2016 Kia Sorento bearing Ohio Temporary registration B804773 with VIN 5XYPG4A35GG044347.

13. Your affiant and other law enforcement officers believe DURAN may be making a trip to Chicago at some point in the middle of next week, however it is unknown which vehicle registered to DURAN may be driven to meet with UC1.

14. Given the information described above, I believe that GONZALEZ and DURAN are working with PEREZ in connection with the money-laundering activities described above, and that the cash delivered to UC1 to deposit is narcotics proceeds, in violation of the Subject Offenses. Based on my training and experience, surveillance, and meetings and recorded communications with UC1, there is probable cause to believe that the installation and monitoring of a tracking device on the Subject Vehicle will lead to the development of evidence of illegal money laundering by GONZALEZ, DURAN, and possibly others involved with this drug trafficking organization.

15. To track the movements of the Subject Vehicle, I am seeking the installation of a mobile tracking device within the Subject Vehicle. In particular, using the requested tracking device on the Subject Vehicle may reveal additional locations where GONZALEZ and DURAN meet with individuals in connection with

money laundering activities or where drug proceeds are stored in connection with those activities. Use of the tracking device may reduce injury risk to law enforcement and the public. Continued surveillance of DURAN and the silver 2016 Kia Sorento bearing Ohio Temporary registration B804773 with VIN 5XYPG4A35GG044347 will be conducted until a tracking device may be installed in a public place.

### Request for Delayed Notification

16. I am aware that 18 U.S.C. § 3103a(b) provides that, with respect to the issuance of a warrant to search for and seize any property or material that constitutes evidence of a criminal offense in violation of the laws of the United States, any notice required to be given may be delayed where (i) the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an "adverse result"; (ii) the warrant prohibits the seizure of any tangible property except where the court finds reasonable necessity for the seizure; and (iii) the warrant provides for the giving of such notice within a reasonable period of its execution, which period may thereafter be extended by the court for good cause shown. "Adverse result" is defined in this section and in Title 18, United States Code, Section 2705(a)(2), as (i) endangering the life or physical safety of an individual; (ii) flight from prosecution; (iii) destruction of or tampering with evidence; (iv) intimidation of potential witnesses; or (v) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

17. Additionally, I am aware that Rule 41(f)(2)(c) requires that within ten calendar days after the use of the tracking device has ended the officer executing the warrant must serve a copy of the warrant on the person who was tracked or whose property was tracked, except that the judge may delay notice as provided in Rule 41(f)(3).

18. Pursuant to Rule 41(f)(3) and Title 18, United States Code, Section 3103a(b), I request that notification be delayed until December 30, 2015. I believe that providing immediate notification of the execution of the warrant may have an adverse result as defined at Title 18, United States Code, Section 2705(a)(2), namely, endangering the life or physical safety of an individual and otherwise seriously jeopardizing an investigation, in that if PEREZ, DURAN, GARCIA, GONZALEZ, or other members of their organization were to learn about this application, they could become suspicious of individuals with whom they worked to arrange their money-laundering activities, including CS1 and UC1.

### Request for Sealing

19. I request that the application, warrant, order, and affidavit in this matter be sealed until further order from this Court. Disclosure of the information contained in the application, warrant, order, and this affidavit at the present time and while the surveillance of the tracking device is ongoing most likely would harm the prospects for a full, complete investigation of crimes continuing to be committed by PEREZ, DURAN, GARCIA, GONZALEZ, and other members of the money

laundering organization. Such disclosure would lead to the probable discovery of the tracking devices authorized by this Court's order as well as the failure of other investigative methods contemplated in this case, including the use of surveillance techniques and the involvement of undercover officers.

20. Therefore, I further request that this affidavit, the government's application, and the requested warrant and order be sealed until further order from the Court.

FURTHER AFFIANT SAYETH NOT.

_____
Chadwick Van Sickle
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on this 16th day of October, 2015.

_____
Norah McCann-King, Magistrate Judge